UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROGELIO BARRAGAN-AQUINO and
MANUEL A. SALGADO, individually and on
behalf of others similarly situated,

                      Plaintiffs,

                      ORDER
-against-              13-CV-343 (SJF)(ARL)

EAST PORT EXCAVATION & UTILITIES
CONTRACTORS, INC.; ONE TEN
RESTORATION, INC.; SUMMIT
CONSTRUCTION SERVICES GROUP, INC.;
N.J.D. WIRING & ELECTRIC, INC.; TDX
CONSTRUCTION CORPORATION, INC.;
STEVEN GOVERNALE; AMJAD NAZIR;
FRANK GIATTINO; PETER KARAGERGIOU;
and JAMES H. JONES,

                      Defendants.
------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ MAR 18 2014 ★

LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

Pending before the Court are the objections of plaintiffs Rogelio Barragan-Aquino and Manuel A. Salgado (collectively, "plaintiffs") to so much of a Report and Recommendation ("the Report") of the Honorable Arlene R. Lindsay, United States Magistrate Judge, dated January 28, 2014, as recommends that I decline to exercise supplemental jurisdiction over the state law claims against defendants TDX Construction Corporation, Inc. and its president, James H. Jones (collectively, "the TDX defendants") pursuant to 28 U.S.C. § 1367(a). For the reasons stated herein, so much of the Report as recommends that I decline to exercise supplemental jurisdiction over the state law claims against the TDX defendants is rejected, but the Report is otherwise accepted in its entirety.

1

I.  Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b); see Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002). Any portion of a report and recommendation on dispositive matters to which a specific, timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); see Arista Records, LLC v. Doe 3, 604 F.3d 110, 116 (2d Cir. 2010). However, the court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives [judicial] review of a decision in a magistrate judge's report and recommendation if the party fails to file timely objections designating the particular issue."); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point.")

General objections, or "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke de novo review * * * [because] [s]uch objections would reduce the magistrate's work to something akin to a meaningless dress rehearsal." Owusu v. New York State Insurance, 655 F. Supp. 2d 308, 313 (S.D.N.Y. 2009) (alterations, quotations and citations omitted); see also Butto v. Collecto, Inc., 290 F.R.D. 372, 379 (E.D.N.Y. 2013) ("In a case where a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (quotations and citation

omitted)); Menking ex rel. Menking v. Daines, 287 F.R.D. 174, 177 (S.D.N.Y. 2012) (accord). To accept the report and recommendation of a magistrate judge to which such general or perfunctory objections are made, or to which no specific, timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. See Fed. R. Civ. P. 72(b); Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) (a court may review a report to which no timely objection has been interposed to determine whether the magistrate judge committed "plain error."); Praileau v. Fischer, 930 F. Supp. 2d 383, 388 (N.D.N.Y. 2013) (holding that when no objection or only a general objection is made to a portion of a magistrate judge's report and recommendation, or an objection merely reiterates the same arguments presented to the magistrate judge, the court subjects that portion of the report and recommendation to clear error review).

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); see Sentry Ins. A Mut. Co. v. Brand Management, Inc., 295 F.R.D. 1, 2 (E.D.N.Y. 2013); North Shore-Long Island Jewish Health Care System, Inc. v. MultiPlan, Inc., 953 F. Supp. 2d 419, 424 (E.D.N.Y. 2013).

II. Objections

Magistrate Judge Lindsay recommended that I "decline to exercise supplemental jurisdiction over the plaintiff's [sic] remaining state law claims and therefore dismiss[] the complaint in its entirety without prejudice," (Report at 12), based upon the dismissal of the federal claims against the TDX defendants in the early stages of this litigation.

Plaintiffs contend, *inter alia*, that Magistrate Judge Lindsay erred in recommending that I

3

decline to exercise supplemental jurisdiction over the state law breach of contract claim[1] against the TDX defendants because federal claims, over which this Court has original jurisdiction and with which that breach of contract claim is intertwined, remain against the other defendants.

In response, the TDX defendants contend, for the first time[2], that this Court should decline to exercise supplemental jurisdiction over the state law third-party beneficiary breach of contract claim against them because that claim "raises important issues of state law concerning the prevailing wage rate that should be decided in state court." (TDX Defendants' Response to Plaintiffs' Objections to the [Report] ["TDX Resp."] at 3).

"A district court's exercise of supplemental jurisdiction is governed by 28 U.S.C. § 1367 ('section 1367')." Shahriar v. Smith & Wollensky Restaurant Group, Inc., 659 F.3d 234, 245 (2d Cir. 2011). Section 1367 provides:

> "Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they *form part of the same case or controversy* under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."

(emphasis added). Since this Court has original federal question jurisdiction of this action pursuant to 28 U.S.C. § 1331, Section 1367(b), which pertains to this Court's diversity of

---

[1] Plaintiffs assert that "[i]f the Report and Recommendation is modified, [they] will only proceed against the TDX Defendants on one cause of action, a breach of contract claim as third party beneficiaries." (Obj. at 13). Accordingly, any other state law claims asserted against the TDX defendants in the complaint are deemed voluntarily dismissed pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

[2] The TDX defendants did not contend that this Court should decline to exercise supplemental jurisdiction over the state law claims against them in their original motion to dismiss that was referred to Magistrate Judge Lindsay.

4

citizenship jurisdiction under 28 U.S.C. § 1332, is inapplicable. Subsection (c) provides:

> "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if– (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed *all* claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

28 U.S.C. § 1367(c) (emphasis added).

"For purposes of section 1367(a), claims 'form part of the same case or controversy' if they 'derive from a common nucleus of operative fact[,]'" Shahriar, 659 F.3d at 245 (quoting Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 308 (2d Cir. 2004)); see also Kirschner v. Klemons, 225 F.3d 227, 239 (2d Cir. 2000) ("Pendent jurisdiction applies where the state law claim in question arises out of the same set of facts that give rise to an anchoring federal question claim."); "even if the state law claim is asserted against a party different from the one named in the federal claim." Briarpatch Ltd., 373 F.3d at 308; see also Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 335 (2d Cir. 2006). "In determining whether two disputes arise from a 'common nucleus of operative fact,' [the Second Circuit] ha[s] traditionally asked whether 'the facts underlying the federal and state claims substantially overlapped ... [or] the federal claim necessarily brought the facts underlying the state claim before the court.'" Achtman, 464 F.3d at 335 (quoting Lyndonville Savings Bank & Trust Co. v. Lussier, 211 F.3d 697, 704 (2d Cir. 2000)).

The state law breach of contract claim against the TDX defendants and the federal Fair Labor Standards Act ("FLSA") claims derive from such a common nucleus of operative facts since the FLSA claims arise out of the compensation policies and practices relating to plaintiffs' work as carpenters at various school buildings throughout New York City, for which the TDX

5

defendants provided construction management services pursuant to an agreement with the New York City School Construction Authority ("SCA"), under which plaintiffs claim to be third-party beneficiaries. See, e.g. Shahriar, 659 F.3d at 245 (holding that the New York Labor Law and FLSA claims "clearly derive from such a common nucleus of operative facts since they arise out of the same compensation policies and practices of [the restaurant where each plaintiff worked]."); Custodio v. American Chain Link & Construction, Inc., No. 08 Civ. 7148, 2014 WL 116147, at * 14 (S.D.N.Y. Jan. 13, 2014) ("[T]he issue of prevailing wages under New York State law and overtime under the FLSA [are] inter-twined." (citing Sobczak v. AWL Industries, Inc., 540 F. Supp. 2d 354, 356-57 (E.D.N.Y. 2007))).

"Having concluded that the [state law breach of contract claim against the TDX defendants] and FLSA claims form part of the same case or controversy, [the Court's] analysis proceeds to section 1367(c), where the critical inquiry becomes whether one or more of the section 1367(c) factors is applicable * * *." Shahriar, 659 F.3d at 246. "Where section 1367(a) is satisfied, 'the discretion to decline supplemental jurisdiction is available *only if* founded upon an enumerated category of subsection 1367(c).'" Shahriar, 659 F.3d at 245 (emphasis in original) (quoting Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 448 (2d Cir. 1998)). Moreover, "where at least one of the subsection 1367(c) factors is applicable, a district court should not decline to exercise supplemental jurisdiction unless it also determines that doing so would not promote the values * * * [of] economy, convenience, fairness and comity." Jones v. Ford Motor Credit Co., 358 F.3d 205, 214 (2d Cir. 2004).

None of the categories enumerated in Section 1367(c) are applicable here. Contrary to the Report, not all of the federal claims in this action have been dismissed, only the FLSA claims against the TDX defendants. Moreover, contrary to the TDX defendants' contention, the breach

6

of contract claim against the TDX defendants does not raise a novel or complex issue of State law or "substantially predominate" over the remaining FLSA claims against the other defendants. The cases cited by the TDX defendants holding otherwise are distinguishable as, *inter alia*, neither case involved a third-party beneficiary breach of contract claim. In Igene v. Miracle Security, Inc., No. 12-cv-149, 2013 WL 5502868, at * 5 (E.D.N.Y. Oct. 2, 2013), the central issue was whether the defendants were obligated to pay prevailing wage rates to security guards who work on construction sites pursuant to public works contracts, for which there was an absence of any state court authority. Accordingly, the Honorable Roanne L. Mann, United States Magistrate Judge, found that the case raised a novel and complex issue of state law that predominated over the federal claims in that action. Unlike Igene, there is an abundance of state law regarding the third-party beneficiary breach of contract claim asserted in this case.

In Brown v. Tomcat Electrical Security, Inc., No. 03-cv-5175, 2007 WL 2461823, at * 3 (E.D.N.Y. Aug. 27, 2007), the plaintiffs maintained their claims against the defendants only under Section 220 of the NYLL because their "attempt to assert a third-party beneficiary theory was rejected [since] their employer was not a party to a contract requiring payment of prevailing wages." Ramos v. SimplexGrinnell LP, 796 F. Supp. 2d 346, 352 (E.D.N.Y. 2011); see also Sobczak, 540 F. Supp. 2d at 361 n. 3 ("[T]he Brown plaintiffs maintained their claims only under Section 220 of the New York Labor Law because they did not have third-party beneficiary status; they were too far removed from the contract at issue.") Accordingly, Brown does not support the TDX defendants' contention that the third-party beneficiary breach of contract claim at issue in this case raises a novel or complex issue of State law or "substantially predominate" over the remaining FLSA claims against the other defendants.

Finally, no exceptional circumstances or compelling reasons justify declining to exercise

7

supplemental jurisdiction over the third-party beneficiary breach of contract claim against the TDX defendants. Since neither subsection (b) nor (c) to Section 1367 is applicable in this case, there is no basis for this Court to decline to exercise supplemental jurisdiction over the state law third-party beneficiary breach of contract claim against the TDX defendants. Accordingly, upon *de novo* review of so much of the Report as recommends declining to exercise jurisdiction over the state law breach of contract claim against the TDX defendants, the motion papers, plaintiffs' objections to the Report, and the TDX defendants' response thereto, plaintiffs' objections are sustained and that branch of the Report is rejected. However, there being no clear error on the face of the remaining branches of the Report, to which no objections are made, the Court otherwise accepts the Report in its entirety, the branch of the TDX defendants' motion seeking dismissal of plaintiffs' FLSA claims against them is granted and plaintiffs' FLSA claims are dismissed as against the TDX defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for relief.

III.     Breach of Contract Claim

Since Magistrate Judge Lindsay *sua sponte* recommended that I decline to exercise supplemental jurisdiction over the remaining state law claims against the TDX defendants, she did not consider the TDX defendants' contention in their original motion, *inter alia*, that plaintiffs' third-party beneficiary breach of contract claim against them should be dismissed for failure to state a claim for relief because they are not plaintiffs' employer and do not owe plaintiffs any wages under Section 220 of the New York Labor Law ("NYLL").

Under New York law, "[p]arties asserting third-party beneficiary rights under a contract must establish (1) the existence of a valid and binding contract between other parties, (2) that the

8

contract was intended for their benefit and (3) that the benefit to them is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate them if the benefit is lost * * *." Mendel v. Henry Phipps Plaza West, Inc., 6 N.Y.3d 783, 786, 811 N.Y.S.2d 294, 844 N.E.2d 748 (N.Y. 2006) (quotations, brackets and citation omitted); see also Madeira v. Affordable Housing Foundation, Inc., 469 F.3d 219, 251 (2d Cir. 2006). "The third-party beneficiary concept arises from the notion that 'it is just and practical to permit the person for whose benefit the contract is made to enforce it against one whose duty it is to pay' or perform * * *." Fourth Ocean Putnam Corp. v. Interstate Wrecking Co., Inc., 66 N.Y.2d 38, 43, 495 N.Y.S.2d 1, 485 N.E.2d 208 (N.Y. 1985) (quoting Seaver v. Ransom, 224 N.Y. 233, 237, 120 N.E. 639 (N.Y. 1918)). "A third party may be the beneficiary of a public as well as a private contract * * *." Burns Jackson Miller Summit & Spitzer v. Lindner, 59 N.Y.2d 314, 336, 464 N.Y.S.2d 712, 451 N.E.2d 459 (N.Y. 1983) (citation omitted).

"It is ancient law in New York that to succeed on a third party beneficiary theory, a non-party must be the intended beneficiary of the contract, not an incidental beneficiary to whom no duty is owed." Madeira, 469 F.3d at 251 (quoting County of Suffolk v. Long Island Lighting Co., 728 F.2d 52, 63 (2d Cir. 1984)). "In determining whether the parties intended to benefit the third party, a court should consider the circumstances surrounding the transaction as well as the actual language of the contract." Bayerische Landesbank, New York Branch v. Aladdin Capital Management LLC, 692 F.3d 42, 52 (2d Cir. 2012) (quotations and citation omitted); see also Subaru Distributors Corp. v. Subaru of America, Inc., 425 F.3d 119, 124 (2d Cir. 2005) (accord). In Subaru Distributors, the Second Circuit held, in relevant part:

> "The New York Court of Appeals has adopted Restatement (2d) of Contracts § 302 as an accurate statement of New York third-party-beneficiary law. * * * Under section 302(1): Unless otherwise agreed between promisor and promisee, a

9

beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance."

425 F.3d at 124 (citation omitted); see also Levin v. Tiber Holding Corp., 277 F.3d 243, 248 (2d Cir. 2002) (accord); Solutia, Inc. v. FMC Corp., 385 F. Supp. 2d 324, 337 (S.D.N.Y. 2005) ("'[T]he circumstances [must] indicate that the promisee intends to give the beneficiary the benefit of the promised performance' or that the promised performance is to be made directly to that party." (second brackets in original) (quoting Fourth Ocean, 66 N.Y.2d at 44, 495 N.Y.S.2d 1)) "Dismissal of a third-party-beneficiary claim is appropriate where the contract rules out any intent to benefit the claimant, or where the complaint relies on language in the contract or other circumstances that will not support the inference that the parties intended to confer a benefit on the claimant." Bayerische Landesbank, 692 F.3d at 52 (brackets, quotations and citation omitted); see also Subaru Distributors, 425 F.3d at 124-25.

"[M]ere intent to confer third-party rights is insufficient; there must be a benefit that is explicit and direct." Solutia, 385 F. Supp. 2d at 337. "The contract must evince a discernible intent to allow recovery for the specific damages to the third party that result from a breach thereof before a cause of action is stated." Id. at 338 (quoting Strauss v. Belle Realty Co., 98 A.D.2d 424, 427, 469 N.Y.S.2d 948 (2d Dept. 1983), aff'd, 65 N.Y.2d 399, 492 N.Y.S.2d 555, 482 N.E.2d 34 (N.Y. 1985)). "An incidental beneficiary is a third party who may derive benefit from the performance of a contract though he is neither the promisee nor the one to whom performance is to be rendered." Id. (quoting World Trade Knitting Mills, Inc. v. Lido Knitting Mills, Inc., 154 A.D.2d 99, 103, 551 N.Y.S.2d 930 (2d Dept. 1990)); see also Roosevelt Islanders

for Responsible Southtown Development v. Roosevelt Island Operating Corp., 291 A.D.2d 40, 58, 735 N.Y.S.2d 83 (1st Dept. 2001); Cole v. Metropolitan Life Ins. Co., 273 A.D.2d 832, 833, 708 N.Y.S.2d 789 (4th Dept. 2000).

Section 220(3)(a) of the NYLL provides, in relevant part:

> "The wages to be paid for a legal day's work, as hereinbefore defined, to laborers, workmen or mechanics upon such public works, shall be not less than the prevailing rate of wages as hereinafter defined. * * * The wages to be paid for a legal day's work, as hereinbefore defined, to laborers, workmen or mechanics upon any material to be used upon or in connection therewith, shall be not less than the prevailing rate for a day's work in the same trade or occupation in the locality within the state where such public work on, about or in connection with which such labor is performed in its final or completed form is to be situated, erected or used. Such contracts shall contain a provision that each laborer, workman or mechanic, *employed by* such contractor, subcontractor or other person about or upon such public work, shall be paid the wages herein provided."

(emphasis added). Thus, "every public works contract [in New York] must provide that all laborers employed by the contract will be paid prevailing wages." Ramos v. SimplexGrinnell LP, 740 F.3d 852, 855 (2d Cir. 2014), certified questions accepted by — N.E.3d —, 2014 WL 552429 (N.Y. Feb. 13, 2014).

In Fata v. S. A. Healy Co., 289 N.Y. 401, 46 N.E.2d 339 (N.Y. 1943), the Court of Appeals of the State of New York held that since "[t]he statutory mandate that a contractor must pay laborers upon public works wages at least at the prevailing rate was intended for the direct benefit of laborers as well as for the indirect benefit of the State, municipal corporation or public agency which is the other party to the contract," id. at 205, "[i]t cannot be doubted that provisions requiring the contractor to pay such wages are also inserted in the contract, whether voluntarily or under compulsion of the statute, for the benefit of the laborers as well as for the benefit of the public body which is a party to the contract." Id. Thus, "the New York Court of Appeals has

11

held that workers may bring common law breach of contract suits as the intended third-party beneficiaries of such public works contracts." Ramos, 740 F.3d at 856 (citing Fata, 289 N.Y. at 404-07); see also Sobczak, 540 F.Supp.2d at 361 (holding that New York law "allow[s] employees to pursue either administrative claims under, or sue as third-party beneficiaries of, state prevailing wage contracts."); Stennett v. Moveway Transfer & Storage, Inc., 97 A.D.3d 655, 656-57, 949 N.Y.S.2d 91 (2d Dept. 2012) ("In situations where the [NYLL] requires the inclusion of a provision for payment of the prevailing wage in a labor contract between a public agency and a contractor, a contractual obligation is created *in favor of the contractor's employees*, and an employee covered by or subject to the contract, in his or her status as third-party beneficiary to the contract, possesses a common-law cause of action *against the contractor* to recover damages for breach of such a contractual obligation * * *." (emphasis added) (citations omitted)).

To prevail on such breach of contract claims, plaintiffs "need to show, first, that they are 'laborers, workmen, or mechanics' within the meaning of NYLL section 220, * * *" Ramos, 740 F.3d at 856, which, for purposes of this motion, is not in dispute. "Second, [plaintiffs] must show that theirs was 'covered' work– that is, work entitled to prevailing wages under the statute," id., which is also not in dispute on this motion. Moreover, "in order for workers to bring a third-party breach of contract claim under NYLL section 220, the contract *between the employer* and the municipality must expressly state that a prevailing wage will be paid." Ramos, 740 F.3d at 858 (emphasis added); see also Maldonado v. Olympia Mechanical Piping & Heating Corp., 8 A.D.3d 348, 350, 777 N.Y.S.2d 730 (2d Dept. 2004) ("The workers protected by [New York] Labor Law § 220 are third-party beneficiaries of the contract *between their employer* and the municipality, and they possess a cause of action *against their employer* to recover damages

12

for breach of contract when the contract *between the employer* and the municipality expressly provides for the wages to be paid to such workers * * *." (emphasis added; citations omitted)).

Exhibit F of the contract between the TDX defendants and the SCA ("the SCA Contract") provides, in relevant part:

> 1. General [The TDX defendants] shall comply, and require [their] subcontractors to comply, with all applicable provisions of law including, but not limited to, applicable provisions of law under * * * the New York State * * * Labor Law * * *.
>
> 2. Labor Law Provisions A. [The TDX defendants] agree[], as required by Labor Law sections 220 * * * that: * * * (2) the wages paid for a legal day's work to each laborer, workman or mechanic employed by [the TDX defendants] or any subcontractor employed by [the TDX defendants] in the performance of this Agreement shall not be less than the prevailing rate of wages as defined by law; [and] (3) each laborer, workman, or mechanic employed by [the TDX defendants] or any subcontractor employed by [the TDX defendants] in the performance of this Agreement shall be provided the prevailing supplements as defined by law;* * *."

Plaintiffs cannot state a third-party beneficiary breach of contract claim against the TDX defendants because, *inter alia*, the TDX defendants, who were not plaintiffs' employer[3], had no

---

[3] As noted above, I accept Magistrate Judge Lindsay's finding, to which there is no objection, that plaintiffs failed to plead sufficient facts to establish that the TDX defendants were their employers within the meaning of the FLSA. In footnote four (4) of the Report, Magistrate Judge Lindsay indicated that her findings relative to plaintiffs' employment status under the FLSA "strongly suggest that the TDX defendants would not be an employer under the NYLL, see N.Y. Lab. Law § 2(6), * * *," as well. (Report at 9-10 and n. 4). Although district courts in this Circuit historically "have interpreted the definition of employer under the NYLL coextensively with the definition used by the FLSA," Mendez v. U.S. Nonwovens Corp., — F.Supp.2d —, 2014 WL 860328, * 16 (E.D.N.Y. Mar. 5, 2014) (quotations, brackets and citation omitted), in Irizarry v. Catsimatidis, 722 F.3d 99 (2d Cir. 2013), cert. denied, No. 13-683, 13A287, 2014 WL 901858 (Mar. 10, 2014), the Second Circuit remanded the NYLL claims to the district court because the question of whether the "tests for 'employer' status are the same under the FLSA and the NYLL * * * has not been answered by the New York Court of Appeals." Id. at 117; see Landaeta v. New York and Presbyterian Hospital, Inc., No. 12 Civ. 4462, 2014 WL 836991, at * 5 (S.D.N.Y. Mar. 4, 2014) ("Because the inquiries under the FLSA and NYLL have slightly different emphases, and because the question of whether 'the tests for "employer" status are the

13

duty under the contract with the SCA to compensate plaintiffs if they were not paid prevailing wage rates and supplemental benefits by their employer. Accordingly, plaintiffs were not the intended beneficiaries of the SCA Contract; at most they were incidental beneficiaries thereunder.

The three (3) cases cited by plaintiffs in support of their contention that they were third-party beneficiaries under the SCA Contract, Eldred v. Comforce Corp., No. 3:08-cv-1171, 2010 WL 812698, at * 7 (N.D.N.Y. Mar. 2, 2010); Cox v. NAP Constr. Co., Inc., 10 N.Y.3d 592, 601, 861 N.Y.S.2d 238, 891 N.E.2d 271 (N.Y. 2008); and Quintanilla v. Suffolk Paving Corp., No. CV 09-5331, 2011 WL 1323033, at * 7 (E.D.N.Y. Feb. 10, 2011), report and recommendation adopted by 2011 WL 1253248 (E.D.N.Y. Mar. 28, 2011), as well as all cases findings employees to be third-party beneficiaries of prevailing wage provisions in public works contracts found by this Court, are distinguishable from this case because they involved contracts between the contractor-employers of the plaintiffs, who had a duty to pay the plaintiffs' wages at prevailing

---

same ... has not been answered by the New York Court of Appeals,' * * * the Court will conduct the two inquiries separately." (quoting Irizarry, 722 F.3d at 117)). Nonetheless, upon separate inquiry, I find that the TDX defendants were not plaintiffs "employer" within the meaning of the NYLL.

The relevant sections of the NYLL define "employer" as "the person employing any such mechanic, workingman or laborer, whether the owner, proprietor, agent, superintendent, foreman or other subordinate," N.Y. Lab. Law § 2(6); and "employed" to include "permitted or suffered to work," N.Y. Lab. Law § 2(7). As found by Magistrate Judge Lindsay, without objection, defendant East Port Excavation & Utilities Contractors, Inc. ("East Port") was plaintiffs' immediate employer; was responsible for plaintiffs' work schedules and the termination of their employment; and had sole discretion to determine the specific jobs its employees would perform and the particular times they would perform those jobs. Since there are no allegations in the complaint from which it may reasonably be inferred that the TDX defendants had any control over the work performed by plaintiffs or the payment of their wages, they were not plaintiffs' employer within the meaning of the NYLL.

14

wage rates, and a municipality or public agency.[4] To the contrary, since the TDX defendants were not plaintiffs' employer, they had no duty to pay plaintiffs any wages, much less prevailing wage rates.

Moreover, plaintiffs cannot state a third-party beneficiary breach of contract claim against the TDX defendants because, *inter alia*, the SCA Contract expressly limited the benefits thereunder to the parties thereto and their permitted assignees, neither of which include plaintiffs. Specifically, Section 20.9 the SCA Contract provides:

> "The sole beneficiaries of this Agreement are the parties hereto and the permitted assignees thereof. This Agreement is not intended to confer any benefit or right upon persons other than the parties hereto and their permitted assignees."

Courts have routinely held that such contract provisions are controlling and "expressly negate[] enforcement of the contract by third parties * * *." Board of Managers of Alexandria Condominium v. Broadway/72nd Associates, 285 A.D.2d 422, 424-25, 729 N.Y.S.2d 16 (1st Dept. 2001) (citing cases); see also Wilson v. Dantas, — F.3d —, 2014 WL 866507, at * 4 (2d Cir. Mar. 6, 2014) ("[C]ourts within this Circuit have consistently held that even where a contract expressly sets forth obligations to specific individuals or categories of individuals, those

---

[4] In their objections to the Report, plaintiffs further contend that the TDX defendants' representation in this action by the New York City Law Department as provided in the SCA demonstrates that they derived benefits from the SCA Contract and that such benefits should be contingent on their fulfillment of their contractual obligations. Such contention is misplaced, since the issue for third-party beneficiary status is whether the contract intended to benefit the third-party. In any event, this contention emphasizes the fact that under the SCA Contract, the TDX defendants were retained as SCA's "agent to plan, coordinate and manage the Projects and the Work [thereunder]." (Contract at 1). As such, the TDX defendants stand in the shoes of the SCA, a public agency. There is no authority for claiming that when a public agency enters into a public works contract containing a prevailing wages provision in accordance with Section 220 of the NYLL with a contractor, the public agency is responsible for paying the prevailing wages and benefits of the contractor's employees if the contractor fails to do so. Yet that is essentially what plaintiff is attempting to do by asserting a claim against the TDX defendants, as SCA's agent.

15

individuals do not have standing to enforce those obligations by suing as third-party beneficiaries when the contract contains a negating clause." (quotations and citation omitted)); India.com, Inc. v. Dalal, 412 F.3d 315, 321-22 (2d Cir. 2005) ("Under New York law, the effectiveness of a negating clause to preclude third-party beneficiary status is well-established: where a provision exists in an agreement expressly negating an intent to permit enforcement by third parties, that provision is decisive." (quotations, alterations and citations omitted)); Morse/Diesel, Inc. v. Trinity Industries, Inc., 859 F.2d 242, 249 (2d Cir. 1988) ("Under New York law, where a provision in a contract expressly negates enforcement by third parties, that provision is controlling.")

Since plaintiffs were not the intended beneficiaries of the SCA Contract, the branch of the TDX defendants' motion seeking dismissal of the state law third-party beneficiary breach of contract claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted and that claim is dismissed with prejudice as against the TDX defendants for failure to state a claim for relief. Since the federal claims against the TDX defendants are also dismissed, and all other state law claims have been voluntarily dismissed as set forth above, the complaint is dismissed in its entirety as against the TDX defendants.

IV. Conclusion

For the reasons set forth herein and in the Report, the branch of the Report as recommended that I decline to exercise supplemental jurisdiction over plaintiffs' state law claims against the TDX defendants is rejected, but the Report is otherwise accepted in its entirety; the branches of the TDX defendants' motion seeking dismissal of plaintiffs' FLSA and state law third-party beneficiary breach of contract claims against them pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure are granted; plaintiffs' FLSA and state law third-party beneficiary breach of contract claims are dismissed in their entirety as against the TDX defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for relief; plaintiffs' remaining state law claims against the TDX defendants are deemed voluntarily dismissed pursuant to Rule 41(a) of the Federal Rules of Civil Procedure; and the complaint is dismissed in its entirety as against the TDX defendants.

SO ORDERED.

s/ Sandra J. Feuerstein

SANDRA J. FEUERSTEIN
United States District Judge

Dated: March 18, 2014
 Central Islip, New York